## In re MULFORD.

(Court of Appeals of District of Columbia. Submitted March 9, 1926. Decided April 5, 1926.)

No. 1839.

Patents ⊙=62.

Patent claim for skylight or floor light, constructed of reinforced concrete with wired glass lenses, *held* anticipated.

Appeal from the Commissioner of Patents.

In the matter of the application of Logan Willard Mulford for a patent. From a decision of the Commissioner of Patents, denying his application, applicant appeals. Affirmed.

E. H. Fairbanks, of Philadelphia, Pa., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Asociate Justices.

MARTIN, Chief Justice. The application for a patent in this case relates to a skylight or floor light construction adapted to be walked on; it is claimed that this consists of old elements combined in a novel manner.

The applicant states that, in the building of skylight and floor light constructions, greater strength and durability are secured if the supporting framework be made of reinforced concrete with lens-receiving openings, and if cast iron or sheet-metal lens holders be employed to receive the lenses, since glass set directly in concrete is liable to fracture, because of the different coefficient of expansion of these materials; that heretofore lenses of molded glass have been employed in such construction, but that these are expensive to manufacture and liable to break when in service; and that in applicant's construction molded lenses are dispensed with, and wired glass is used of the type wherein, during the rolling of the sheet glass, wire mesh is embedded between

the top and bottom of the sheet, thus greatly increasing its strength and preventing the flying of the pieces in case the glass becomes fractured or broken.

The application contains a single claim, reading as follows:

"In a device of the character described, a reinforced concrete framework having lens-receiving openings therein, metallic lens holders embedded in the concrete in the upper portions of said openings, and having their upper edges substantially on a line with the top of said concrete framework, an inwardly extending flange on said lens holders, relatively small lenses formed of rolled wire sheet glass positioned within said lens holders and supported on said inwardly extending flanges and having their upper surfaces substantially flush with the top of said lens holders and the top of said concrete framework, and a sealing compound sealing the joints between said lenses and their holders."

In support of the application numerous affidavits of persons skilled in the art have been filed certifying to the valuable qualities of the construction, together with an affidavit by the applicant setting out the merits, popularity, and patentability thereof.

The Examiner rejected the claim on Freund, October 22, 1912, and Law, November 30, 1920, together with other references, and held that Law's patent shows a construction for the same purpose, made up in the same way as applicant's, except that its lenses are circular in outline, while appellant's are rectangular, and Law's lenses are molded glass, instead of wired glass; whereas Freund's patent shows that it is old to use wired glass in rooflight and floor construction.

The Examiners in Chief affirmed this decision, saying in part:

"The substitution of wire sheet glass for ordinary glass or panes in windows, skylights, roofing, doors, and the like, is a common practice, and the results derived, in eliminating breakage or cracking, well known. In the Freund patent the wire glass disclosed as used in illuminating slabs for roofing is stated to be 'comparatively thin,' and obviously any thickness can be used."

The Commissioner of Patents affirmed the decision of the board.

We affirm the decision of the Commissioner of Patents, upon the ground that the references disclose that the applicant's claim has been anticipated, and his construction is old in the art.